O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTINIANO SANTIBANEZ,<br><br>        Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. SACV 11-396 RNB<br><br>ORDER GRANTING MOTION TO DISMISS |

    Now pending before the Court and ready for decision is the Commissioner's motion to dismiss for lack of subject matter jurisdiction.

    The Commissioner contends and plaintiff does not dispute that the Court's subject matter jurisdiction here arises out of 42 U.S.C. § 405(g), which limits the Court's jurisdiction to the review of a final decision of the Commissioner of Social Security after a hearing to which the plaintiff was a party.

    The Commissioner contends and plaintiff does not dispute that the final decision subject to review here is the decision rendered by Administrative Law Judge Kays on September 9, 2009, as to which the Appeals Council denied review on January 18, 2011. (A copy of this decision is attached as Exhibit B to the Commissioner's Motion.)

1    The Commissioner contends and plaintiff does not dispute that the ALJ's September 9, 2009 decision was directed to the application for benefits that plaintiff filed on January 5, 2007. (A copy of this application is attached as Exhibit A to the Commissioner's Motion.)

The Commissioner contends that the January 5, 2007 application constituted an application solely for Supplemental Security Income (aka Title XVI) benefits, and that the ALJ's September 9, 2009 decision constituted solely an adjudication of plaintiff's eligibility for Title XVI benefits. The Commissioner further contends that, in light of plaintiff's death on January 8, 2011, this action should be dismissed for lack of an actual "case or controversy" because, under 20 C.F.R. § 416.542(b)(4), Title XVI benefits may not be paid to a decedent's estate or to any survivor other than an eligible surviving spouse and plaintiff here has not alleged there is an eligible spouse.

In plaintiff's opposition to the Commissioner's motion, plaintiff concedes that a Title XVI claim terminates upon the death of the claimant if no eligible party can be substituted in the claimant's place, and that there is no such eligible party here for purposes of plaintiff's Title XVI benefits claim. Plaintiff contends, however, that the January 5, 2007 application should be deemed a de facto or implied request to reopen plaintiff's prior application for disability insurance (aka Title II) benefits, which originally was filed on October 24, 2003 and denied on January 20, 2004. Based on its own review of the January 5, 2007 application and the ALJ's September 9, 2009 decision, and for the reasons stated in the Commissioner's reply to plaintiff's opposition, the Court rejects this first contention by plaintiff.

Plaintiff's other contention is that, by failing to (a) provide plaintiff with another hearing, after stating, "You'll probably be hearing from us shortly, probably have another hearing in three months," (b) provide plaintiff or his counsel with the Record prior to making a decision, and (c) provide plaintiff's counsel with an opportunity to present plaintiff's case including a request to reopen, the ALJ violated

plaintiff's due process right to a hearing.  However, the Court concurs with the Commissioner that, even if there was any substance to this constitutional claim, the due process violation (if any) was in the context of the ALJ's denial of plaintiff's application for Title XVI benefits, which was extinguished upon plaintiff's death without an eligible spouse.  See 20 C.F.R. § 416.542(b)(4); see also 42 U.S.C. § 1383(b); 20 C.F.R. § 416.542(b)(1); Smith v. Califano, 597 F.2d 152, 155 (9th Cir.), cert. denied, 444 U.S. 980 (1979).  Plaintiff has failed to cite any legal authority supportive of a different conclusion.

The Commissioner's motion to dismiss is therefore granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  November 7, 2011

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE